UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK DORIAN HURST, Booking #22722552,<br><br>                                     Plaintiff,<br><br>vs.<br><br>ZACHARY RICHARDSON, San Diego Police Officer #1065,<br><br>                                     Defendant. | Case No.: 3:22-cv-01467-GPC-MDD<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[ECF No. 3]** |

Plaintiff Patrick Dorian Hurst, proceeding pro se while detained at the San Diego County Sheriff's Department Las Colinas Detention and Reentry Facility in Santee, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 26, 2022. *See* Compl., ECF No. 1. Plaintiff claims a San Diego Police Officer violated his constitutional rights during an April 2022 traffic stop that resulted in his arrest. *Id.* at 2–5. He seeks injunctive relief preventing further harassment, $200 million in general and punitive damages, and demands a jury trial. *Id.* at 7.

I.    **Procedural History**

On October 4, 2022, the Court dismissed Plaintiff's case because he failed to prepay the $402 civil filing fee required by 28 U.S.C. § 1914(a), and did not file a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

However, the Court granted Plaintiff 45 days leave to fix these deficiencies, directed the Clerk of the Court to provide him with its approved form Motion to Proceed IFP, and cautioned that he must include a "certified copy of San Diego County Sheriff's Department trust account report for the 6-month period preceding the filing of his Complaint," as required by 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b). *See* ECF No. 2 at 2–3.

Plaintiff has since filed a Motion to Proceed IFP. *See* ECF No. 3.

## II.     Motion to Proceed IFP

As Plaintiff now knows, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, section 1915(a)(2) also clearly requires that prisoners, like Hurst, "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the

prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

While Plaintiff has now filed a Motion to Proceed IFP, it fails to comply with 28 U.S.C. § 1915(a)(2) because it does not include a certified copy of his trust fund account statements, or an "institutional equivalent" issued by San Diego County Sheriff's Department officials, attesting as to his trust account activity and balances for the 6-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2); S. D. Cal. CivLR 3.2.b. Without this accounting, the Court is unable to fulfill its statutory duty to assess the appropriate amount of initial filing fee which may be required to prosecute this case. *See* 28 U.S.C. § 1915(b)(1).

**III.   Conclusion and Order**

Accordingly, **IT IS ORDERED** that:

(1)   Plaintiff's Motion to Proceed IFP (ECF No. 3) is **DENIED** and the action is again **DISMISSED** without prejudice for failure to prepay the $402 filing fee required by 28 U.S.C. § 1914(a).

(2)   Plaintiff is **GRANTED** one additional opportunity to correct his IFP deficiencies and an additional thirty (30) days leave from the date of this Order in which to re-open his case by either: (a) paying the entire $402 statutory and administrative filing fee, **or** (b) filing a *renewed* Motion to Proceed IFP, *which must include a certified copy of his San Diego County Sheriff's Department trust account statements for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).[2]

---

[2] Plaintiff is once again cautioned that if he chooses to proceed either by prepaying the full $402 civil filing fee, or by submitting a renewed and properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed *sua sponte*

(3)     The Clerk of the Court is **DIRECTED** to provide Plaintiff with an additional Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience.  If Plaintiff neither pays the $402 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of his trust account statements within 30 days*, this civil action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED**.

Dated:  October 25, 2022

Hon. Gonzalo P. Curiel
United States District Judge

---

pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").